UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GOVERNMENT ACCOUNTABILITY & OVERSIGHT<br>30 North Gould Street<br>Suite 12848<br>Sheridan, WY 82801,<br><br>   Plaintiff,<br><br>  v.<br><br>UNITED STATES CENTERS FOR MEDICARE & MEDICAID SERVICES<br>7500 Security Boulevard<br>Baltimore, MD 21244,<br><br>   and<br><br>UNITED STATES DEPARTMENT OF HEALTH & HUMAN SERVICES<br>200 Independence Avenue, S.W.<br>Washington, D.C. 20201,<br><br>   Defendants. | Civil Action No. 25-3547 |

**COMPLAINT UNDER THE FREEDOM OF INFORMATION ACT**

Plaintiff GOVERNMENT ACCOUNTABILITY & OVERSIGHT ("GAO") for its complaint against defendant U.S. CENTERS FOR MEDICARE & MEDICAID SERVICES ("CMS") and defendant UNITED STATES DEPARTMENT OF HEALTH & HUMAN SERVICES ("the Department" or "HHS"), alleges as follows:

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq*. for declaratory, injunctive, and other appropriate statutory relief. Plaintiff seeks,

*inter alia*, the immediate processing and release of agency records responsive to two FOIA requests by plaintiff.

2. This suit follows defendants' failure to provide a lawful determination with respect to plaintiff's FOIA requests, and/or its failure to adequately search for, process or produce certain responsive information and/or records, in violation of defendant's lawful obligations to comply with the express terms of FOIA.

## PARTIES

3. Plaintiff Government Accountability & Oversight ("GAO") is a nonprofit research, public policy and public interest litigation center organized under the laws of Wyoming. GAO is dedicated to education regarding responsible regulation and transparency in government, a key part of which is seeking public records illuminating how policymakers use public resources, and with whom, with publication and other media functions, all of which include broad dissemination of public information obtained under open records and freedom of information laws.

4. Defendant United States Centers for Medicare & Medicaid Services ("CMS") is within and a part of the United States Department of Health and Human Services ("HHS"). It is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1). CMS has possession, custody, and control of records responsive to plaintiff's FOIA requests.

5. Defendant United States Department of Health and Human Services ("HHS") is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1). HHS has possession, custody, and control of records responsive to plaintiff's FOIA requests because CMS is a subordinate part of HHS. HHS's headquarters is located in the District of Columbia. This suit seeks relief against HHS for acts and omissions of CMS.

## JURISDICTION AND VENUE

6. This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331 because the defendants are federal agencies and this case is filed in the District of Columbia.

7. Venue is proper in this Court under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §1391(e) because each defendant is a federal agency operating in the District of Columbia, because records are likely held or processed in the District of Columbia, and because this suit is filed in the District of Columbia.

8. Plaintiff is not required to further pursue administrative remedies with respect to its FOIA requests before seeking relief in this Court because defendants failed to provide the required "determination" within the meaning of the FOIA.

## PLAINTIFF'S FOIA REQUESTS

9. On June 13, 2024, plaintiff submitted by FOIA.gov a request to defendant CMS seeking copies of certain email correspondence over a specified period of time of one custodian, which contain one specific keyword pertaining to a topic that has received great media and other public attention, specifically the need to reform the government healthcare payment system.

10. Defendants assigned this request tracking number 061320247012.

11. On or before July 15, 2024, defendants owed plaintiff a timely "determination" as defined in *CREW v. FEC*, 711 F.3d 180, 188 (D.C. Cir. 2013).

12. On June 5, 2025, plaintiff submitted by FOIA.gov a request to defendant CMS seeking copies of certain specified attachments to email records previously identified, segregated and released by defendant in response to previous FOIA requests.

13. Defendants assigned this request tracking number 060520257046.

14. On or before August 7, 2025, defendants owed plaintiff a timely "determination" as defined in *CREW v. FEC*, 711 F.3d 180, 188 (D.C. Cir. 2013).

15. As of October 3, 2025, defendant CMS's FOIA portal projects the date of response for both requests as "undetermined."

16. The FOIA provides that a requesting party is entitled to a substantive agency response within twenty working days, including a determination of whether the agency intends to comply with the request. 5 U.S.C. § 552(a)(6)(A)(i).

17. Under the precedent of this Circuit, within the aforementioned statutory deadline,

> "a 'determination' under Section 552(a)(6)(A)(i) must be more than just an initial statement that the agency will generally comply with a FOIA request and will produce non-exempt documents and claim exemptions in the future. Rather, in order to make a 'determination' and thereby trigger the administrative exhaustion requirement, the agency must at least: (i) gather and review the documents; (ii) determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents; and (iii) inform the requester that it can appeal whatever portion of the "determination" is adverse."

*CREW v. FEC*, 711 F.3d 180, 188 (D.C. Cir. 2013).

18. Defendant has not provided the information required by *CREW*.

19. 5 U.S.C. § 552(a)(6)(A) prescribes that the 20-day time limit shall not be tolled by the agency except in two narrow scenarios: The agency may make one request to the requester for information and toll the 20-day period while it is awaiting such information that it has reasonably requested from the requester, 5 U.S.C. § 552(a)(6)(A)(ii)(I), and agencies may also toll the statutory time limit if necessary to clarify with the requester issues regarding fee assessment. 5 U.S.C. § 52(a)(6)(A)(ii) (II). In either case, the agency's receipt of the requester's response to the agency's request for information or clarification ends the tolling period.

20. Defendants did not take any action to toll FOIA's 20-day requirement for a substantive response including, e.g., the number of potentially responsive records.

21. Defendants did not provide the required "determination" with respect to the requests as that term is defined in the Freedom of Information Act and as explained by the D.C. Circuit in *CREW*, 711 F.3d at 188.

22. Defendants have yet to inform GAO of, e.g., the approximate number of potentially responsive records it is processing or expects to process. Nor have defendants explained approximately when it might begin or complete its processing. Nor have defendants provided any other information about the status of the requests aside from a tracking number, including but not limited to any information about what FOIA exemptions defendants might claim.

23. Defendants have thereby failed to provide timely access to agency records in violation of FOIA.

## FIRST CLAIM FOR RELIEF
### Duty to Produce Records – Declaratory Judgment

24. Plaintiff restates and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

25. Plaintiff has sought and been denied production of responsive records reflecting the conduct of official business.

26. Plaintiff has a statutory right to the information it seeks, and defendant has unlawfully withheld the information.

27. Plaintiff is not required to further pursue administrative remedies.

28. Plaintiff asks this Court to enter a judgment declaring that:

    a. Plaintiff is entitled to records responsive to its FOIA requests described above, and any attachments thereto, but defendant has failed to provide the records;

    b. Defendants' processing of plaintiff's FOIA requests described above is not in accordance with the law, and does not satisfy defendants' obligations under FOIA;

    c. Defendants must now produce records responsive to plaintiff's requests, and must do so without cost to the plaintiff.

## SECOND CLAIM FOR RELIEF
### Duty to Produce Records – Injunctive Relief

29. Plaintiff restates and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

30. Plaintiff is entitled to injunctive relief compelling defendants to produce the records responsive to the FOIA requests described herein at no cost to the plaintiff.

31. Plaintiff is entitled to injunctive relief compelling defendants to grant the plaintiff's requests in the alternative for a fee waiver.

32. Plaintiff asks the Court to enter an injunction requiring each defendant to produce to plaintiff, within 20 business days of the date of the order, the requested records sought in plaintiff's FOIA requests described above, and any attachments thereto, at no cost to the plaintiff.

33. Alternatively, plaintiff asks the Court to enjoin defendants from seeking fees for processing and releasing the records that are at issue in this case.

34. Plaintiff asks the Court to order the Parties to consult regarding withheld documents and to file a status report to the Court within 30 days after plaintiff receives the last of the produced documents, addressing defendant's preparation of a *Vaughn* log and

a briefing schedule for resolution of remaining issues associated with plaintiff's challenges to defendants' withholdings, if any, and any other remaining issues.

### THIRD CLAIM FOR RELIEF
### Costs And Fees

35. Plaintiff restates and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

36. Pursuant to 5 U.S.C. § 552(a)(4)(E), the Court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

37. This Court should enter an injunction or other appropriate order or judgment requiring the defendant to pay reasonable attorney fees and other litigation costs reasonably incurred in this case.

### PRAYER FOR RELIEF

Government Accountability & Oversight respectfully requests this Court:

A.   Assume jurisdiction in this matter, and maintain jurisdiction until the defendant complies with FOIA and every order of this Court;

B.   Declare that defendant has violated FOIA by failing to provide plaintiff with the requested information, by claiming certain records are not public records, failing to grant plaintiff's requests for fee waiver, and/or by failing to notify plaintiff of final determinations within the statutory time limit;

C.   Declare that the documents sought by the requests, as described in the foregoing paragraphs, are public records under 5 U.S.C. § 552 *et seq*. and must be disclosed;

D.   Order defendant to expeditiously provide the requested records to plaintiff within 20 business days of the Court's order;

E.   Award plaintiff's attorneys their reasonable fees and other litigation costs reasonably incurred pursuant to 5 U.S.C. § 552(a)(4)(E); and

F.   Grant such other relief as this Court deems just and proper.

Respectfully submitted this the 3rd day of October 2025,

GOVERNMENT ACCOUNTABILITY & OVERSIGHT
By Counsel:


/s/ Matthew D. Hardin
Matthew D. Hardin, D.C. Bar No. 1032711
Hardin Law Office
101 Rainbow Drive #11506
Livingston, TX 77399
Phone: (202) 802-1948
Email: MatthewDHardin@protonmail.com